McReshey, J.,
delivered the opinion of the court.
This bill was filed to recover certain slaves from the defendant, Cochran. The complainants are the children of James Elliott, who died in Rutherford county in 1835, and they set up title to said ’ slaves under a bequest in the will of their deceased father. The defendant claims title to the slaves under a bill of sale, executed to him by the executors of said James Elliott, on the 10th of May, 1837. The sale by the executors purports to have been made under color of a decree of the chancery court at Murfreesboro’, empowering them to sell said slaves. The statute of limitations is out of the way, as the complainants were all minors at the *470 time of the sale, and some of them have not yet attained the age of twenty-one years. The ground of the application for the sale of the slaves, by the executors, was not for the payment of debts, but because from the ages and qualities of the slaves, it was supposed that it would be for the interest of the legatees to have them sold. The case turns upon the validity of the proceedings of the chancery court, under which the sale took place. The sale was decreed upon the ex parte petition of the executors, to which the complainants were not parties. And passing by other objections to the proceedings, we will confine ourselves to the single question, whether the sale of the slaves was void, as against the complainants, on the ground that they were not parties to the proceedings? And we think it was.
It is now well settled, that since the passage of the act of 1827, ch. 61, the title to slaves does not, as formerly, pass to the personal representative of the estate, but, vests directly in the distributees or legatees, as the case may be, subject however, to be made liable for the debts of the estate, by the personal representative, according to the provisions of the act of 1827. This - being so, it unavoidably follows, that in a proceeding under the statute, by the personal representative, the parties interested in the subject matter, and in whom the title is vested, must be made parties. To hold otherwise, would be to violate one of the most obvious and essential principles of justice, that no one shall be held bound by a proceeding judgment or de* cree, to which he was not a party, and against which .he had no right to make defence, or to control the pro- . ceeding, or to appeal from the judgment. Is it not ab *471 surd to say, that a decree shall be held operative, to divest the title out of a stranger to the proceeding, and vest it in the purchaser ?
There is nothing in the act of 1827, to justify the conclusion, that the legislature contemplated a mfere ex parte “petition,” by the personal representative; and such a construction would not only he at war with fundamental principles, as we have seen, hut would likewise he ruinous to the estates of minors, as experience has already sufficiently demonstrated. "We hold, therefore, that the sale was void, and communicated no title to the purchaser.
But the complainants must be held hound to refund the purchase money paid by the defendant for the slaves, if it shall he made to' appear that it was in whole or part, received by them, or appropriated to their use, or for their benefit. The decree of the Chancellor will be reversed, and the cause will be remanded to the chancery court, to the end that all proper accounts may be taken, and the equities of the respective parties folly adjusted.*

The foregoing construction of the act of 1827, eh. 61, § 2, made at the recent term at Nashville, is of so much practical importance, the Reporter has deemed it proper to insert it in this volume, in advance of Its regular order of publication.